IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW ORRSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO.: 4:25-cv-1776 |
| v. | § | |
| | § | |
| SIG SAUER, INC. | § | |
| | § | |
| *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The Rule 26(f) conference was held on July 3, 2025, via Zoom conference. In attendance were Michael A. Samaniego on behalf of Plaintiff Matthew Orrson, and Eric Lasker, Brett Clements, and H. Scott Alexander, Counsel for Defendant Sig Sauer Inc.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   There are no related cases pending in any state or federal court.

3. **Briefly describe what this case is about.**

   *Plaintiff's statement:*

   This case involves a product liability lawsuit filed by Matthew Orrson, a Harris County Sheriff's Deputy, against Sig Sauer Inc. regarding an unintentional discharge of a SIG Sauer P320 handgun. On March 8, 2024, while Plaintiff was removing his holstered P320 from his waistband, the weapon discharged unexpectedly while still secured inside the holster, striking him in the leg and causing significant injury requiring emergency medical treatment. Plaintiff alleges that the P320 has a fundamental design defect that makes it susceptible to unintentional discharges without a trigger pull, and that SIG has been aware of over 100 similar incidents but has failed to issue a recall or adequate safety warnings despite knowledge of the weapon's dangerous propensity to fire without user intent.

1

The complaint asserts the following causes of action negligence, strict liability, breach of implied warranty of merchantability, and breach of express warranty. Plaintiff contends that SIG breached its duties by failing to incorporate standard safety features (such as tabbed trigger safety or external safety mechanisms), failing to adequately test and inspect the weapon, misrepresenting the P320's safety in marketing materials, and continuing to sell the weapon despite knowing of its defects.

*Defendant Sig Sauer Inc.'s Statement:*

Sig Sauer Inc. manufactures firearms for sale to law enforcement, the military, and private purchasers, including the P320 semi-automatic pistol available with multiple optional features so purchasers can customize their pistol. Since first introduced in 2014, the P320 pistol has become one of the most popular handguns on the market, with over 2.5 million units sold. The P320 pistol comes standard with three internal safeties to prevent the gun from firing unless the trigger is pulled, and it is offered with an optional thumb safety that prevents the trigger from being pulled when set in the "on" position. The P320 pistol has been extensively tested for safety, and it meets all applicable industry and consumer safety standards.

Defendant denies that the P320 pistol is defectively designed, asserts that the P320 pistol design includes an external safety as optional equipment, and denies that Plaintiff's injury arose from the alleged product defect. Defendant also argues that Plaintiff has not alleged sufficient facts to support his implied and express warranty claims.

4. **Specify the allegation of federal jurisdiction.**

Plaintiff alleges that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a) based on complete diversity of the parties. Plaintiff alleges he is a citizen of Texas. Plaintiff alleges that Defendant Sig Sauer Inc. has its principal place of business at 72 Pease Blvd Newington, New Hampshire 03801. Plaintiff alleges the amount in controversy exceeds the statutory minimum of $75,000.00.

5. **Identify the parties who disagree and the reasons.**

No parties disagree at this time. Defendant reserves its right to contest jurisdiction if Plaintiff amends his Complaint, including to add additional parties.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

No additional parties are known at this time.

7. **List anticipated interventions.**

There are no anticipated interventions at this time.

**8.    Describe class-action or collective-action issues.**

This case does not involve a class action.

**9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not yet made initial disclosures pursuant to Rule 26(a). The parties will exchange the required initial disclosures by August 18, 2025. The parties will supplement their initial disclosures pursuant to Rule 26(e).

**10.    Describe the proposed agreed discovery plan, including:**

**A.    Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

The Parties agree to conduct discovery in accordance with the Federal Rules of Civil Procedure and submit the following discovery plan:

26(f)(3)(A): The parties will make initial disclosures by August 18, 2025.

26(f)(3)(B): Defendants request that discovery be conducted in phases. The parties believe discovery will be conducted on the issues raised in Plaintiff's complaint and Defendant's defenses.

26(f)(3)(C): At this time, there are no issues about disclosures, discovery, or preservation of electronically stored information. But see 26(f)(3)(F) response.

26(f)(3)(D): The Parties agree to abide by Federal Rule of Evidence 502.

26(f)(3)(E): No changes to the limitations on discovery at this time, but the Parties will supplement this filing if necessary.

26(f)(3)(F): Defendant believes a Confidentiality and Protective Order will be necessary.

The Parties further agree to the following discovery limitations:

Fact Depositions:
- Fact depositions shall be conducted in accordance with Federal Rule of Civil Procedure 30.
- If additional depositions or deposition time is necessary, the parties shall meet and confer in good faith in order to reach an agreement on the amount of additional time to be allowed. If the Parties cannot agree, the Court will consider reasonable requests.

3

Expert Depositions:
- Depositions of experts shall be conducted in accordance with Federal Rule of Civil Procedure 30.
- The Parties agree that drafts of expert reports and communications with experts in this litigation shall be exempt from discovery.

Interrogatories:
- The Parties agree to abide by Federal Rule of Civil Procedure 33 with respect to Interrogatories.

Request for Production
- The Parties agree to abide by Federal Rule of Civil Procedure 34 with respect to Requests for Production.

Request for Admissions
- The Parties agree to abide by Federal Rule of Civil Procedure 36 with respect to Requests for Admission.

1. Deadline to add Parties: October 3, 2025
2. Deadline to Amend Pleadings: December 1, 2025
3. Deadline for Plaintiff to designate experts: May 18, 2026
4. Deadline for Defendant to designate experts: July 17, 2026
5. Deadline to complete discovery: September 16, 2026
6. Deadline to file dispositive motions: November 16, 2026
7. Deadline to complete mediation: The parties will revisit this issue at a later date.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories to Defendants' representative after initial disclosures have been made.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories after initial disclosures have been made, to Plaintiff and any other parties subsequently named in this litigation.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff plans to take oral depositions of Defendant's representatives as soon as possible once those individuals have been identified in relevant discovery responses or identified in response to Plaintiff's Rule 30(b)(6) notice, including any individuals designated by Defendant to testify on the topics set forth therein.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates deposing Plaintiff, his employer(s), his treating healthcare providers, fact witnesses identified in Plaintiff's disclosures, any experts designated by Plaintiff, and any police, EMTs, and/ or other medical or other personnel that responded to the accident scene. Defendant reserves the right to notice any additional depositions as discovery requires. Defendant anticipates taking these depositions as soon as possible after those individuals have been identified in relevant discovery responses.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide reports by May 18, 2026. Defendant will designate responsive experts and provide reports by July 17, 2026.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates deposing Defendant's designated experts. These depositions will be completed before the submission of Defendants' expert reports on July 17, 2026.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates deposing Plaintiff's designated experts, with depositions to be completed before the completion of all fact and expert discovery on September 16, 2026.

**I. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Not applicable.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable at this time.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

5

**13.    State the date the planned discovery can reasonably be completed.**

Discovery can reasonably be completed by September 16, 2026.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties cannot yet fully assess the possibilities for prompt settlement or resolution but agree to revisit these issues at a later date.

**15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

*Plaintiff's Position:*

Plaintiff believes that mediation would be appropriate in this case after or near the close of discovery.

*Defendant Sig Sauer Inc.'s Position:*

The parties have not discussed alternative dispute resolution techniques but agree to revisit this issue at a later date.

**16.    Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a Magistrate Judge in this matter.

**17.    State whether a jury demand has been made and if it was made on time.**

Plaintiff has timely demanded a trial by jury.

**18.    Specify the number of hours it will likely take to present the evidence in this case.**

The parties find it premature to estimate the number of hours it will likely take to present the evidence in this case, before discovery has commenced and before motions practice potentially narrows the issues for trial. The parties agree to revisit this issue at a later date.

**19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

At this time, Defendant has filed its Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (DKT #7). Briefing is ongoing and will not be completed by the time of the Rule 16 Conference with the Court. Accordingly, the parties do not believe this motion can be disposed of at the Rule 16 Conference.

**20.    List other pending motions.**

> None at this time.

**21.    List issues or matters, including discovery, that should be addressed at the conference.**

> None at this time.

**22.    Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

> Plaintiff will be filing his Certificate of Interested Parties on July 7, 2025. Defendant filed its Certificate of Interested Parties on July 7, 2025 (DKT # 11).

**23.    List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

> The parties have listed their information below.

Respectfully Submitted,

By: */s/ Cesar Tavares    (signed by permission)*
Cesar Tavares (attorney-in-charge)
State Bar No. 24093726
Alma J. Reyes
State Bar No. 24064392
Michael Samaniego
State Bar No. 24115715
Alejandro Salicrup
State Bar No. 24138723
Williams Hart & Boundas, LLP
8441 Gulf Frwy Suite 600
Houston, Texas 77017-5001
(713) 230 – 2200 – TEL
(713) 643 – 6226 – FAX
tavareslitteam@whlaw.com
**ATTORNEYS FOR PLAINTIFF, MATTHEW ORRSON**

Respectfully Submitted,

By: */s/ H. Scott Alexander*
H. Scott Alexander (attorney-in-charge)
State Bar No. 00793247
S.D. Tex. Bar No. 3324305
CLARK HILL PLC
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
Tele: 409.351.3801, Fax: 409.351.3883
hsalexander@clarkhill.com

Of Counsel:
Eric G. Lasker
D.C. State Bar No. 430180
S.D. Tex. Bar No. 3622386
Brett F. Clements
N.Y. State Bar No. 5221650
S.D. Tex. Bar No. 3924860
HOLLINGSWORTH LLP
1350 I Street N.W.
Washington, D.C. 20005
Tele: (202) 898-5800, Fax: (202) 682-1639
ELasker@hollingsworthllp.com
BClements@hollingsworthllp.com
**ATTORNEYS FOR DEFENDANT, SIG SAUER INC.**