United States District Court
Southern District of Texas
**ENTERED**
February 15, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW ORRSON, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-25-1776 |
| § | |
| SIG SAUER, INC., § | |
| § | |
| Defendant. § | |

**ORDER**

The court has reviewed the amended complaint, (Docket Entry No. 14), and Sig Sauer's motion to strike and motion to dismiss, (Docket Entry No. 18). Although Sig Sauer did not raise this argument in its motion to dismiss, the court notes that under Texas law, claims for breach of implied and express warranty require a plaintiff to allege that they provided pre-suit notice. Failure to sufficiently plead this element is "dispositive." *See Decker v. Milwaukee Elec. Tool Corp.*, No. 2:21-CV-00181, 2024 WL 5203035, at *3 (S.D. Tex. Apr. 25, 2024). "[C]ommencement of litigation does not satisfy the notice requirement." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 706 (5th Cir. 2014). "Texas courts have applied this notice requirement even against remote manufacturers." *Am. Econ. Ins. Co. v. Dormont Mfg. Co.*, No. 1:24-CV-377, 2024 WL 5371986, at *8 (W.D. Tex. Dec. 16, 2024). "And when 'the [c]omplaint is silent on' whether the plaintiff provided pre-suit notice for an implied warranty action, the plaintiff has failed to state a claim." *Decker*, 2024 WL 5203035, at *3 (alteration in original) (quoting *Goodwin v. Medtronic, Inc.*, No. 6:20-CV-528, 2021 WL 7448501, at *6 (E.D. Tex. June 4, 2021)).

This court has allowed claims for breach of implied warranty in P320 unexpected discharge cases to proceed past the motion to dismiss, but only where such notice was provided. *See Gordon*

*v. Sig Sauer, Inc.*, Civ. Action No. H-19-585, 2019 WL 4572799, at *13 (S.D. Tex. Sep. 20, 2019). The court does not see an allegation in the amended complaint that Orrson provided pre-suit notice to Sig Sauer. (*See generally* Docket Entry No. 14). No later than February 20, 2026, Orrson must file a written response of no more than three pages explaining if and how he provided pre-suit notice to Sig Sauer sufficient to meet the requirements under Texas law.

SIGNED on February 11, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge
