# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MATTHEW ORRSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.: 4:25-cv-1776** |
| v. | § | |
| | § | |
| **SIG SAUER, INC.** | § | |
| | § | |
| *Defendant.* | § | |

### SIG SAUER, INC.'S NOTICE OF DEPOSITION OF SGT. G. MORRISON WITH SUBPOENA DUCES TECUM

TO:   All Counsel of Record

Witness, Sgt. G. Morrison

**PLEASE TAKE NOTICE** that Sig Sauer, Inc. ("Sig Sauer") hereby gives notice pursuant to the Federal Rules of Civil Procedure that the oral and videotaped deposition of **Sgt. G. Morrison** ("Deponent") will be taken on March 18, 2026 at 10:00 am at the Clark Hill Office located at 1000 Louisiana Street, Suite 2800, Houston, Texas 77702, or at such other time and location as may be mutually agreed upon by counsel. The deposition will continue day to day thereafter until completed. The deposition will be taken by a certified shorthand reporter and may be videotaped. The witness is instructed to bring with him to the deposition the documents designated in the attached Schedule A.

The testimony of the witness will be used at the trial of this cause, and the deposition is being taken for discovery and for all other purposes allowable under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: February 19, 2026                    Respectfully submitted,

*H. Scott Alexander*
_____
H. Scott Alexander (attorney-in-charge)
State Bar No. 00793247
S.D. Tex. Bar No. 3324305
Clark Hill PLC
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
Telephone:     409.351.3800
Facsimile:     409.351.3883
hsalexander@clarkhill.com

Of Counsel:

Eric G. Lasker
D.C. Bar No. 430180
S.D. Tex. Bar No. 3622386
Brett F. Clements
N.Y. State Bar No. 5221650
S.D. Tex. Bar No. 3924860
Stephanie L. Salek
D.C. Bar No. 995738
S.D. Tex. Bar No. 3926658
HollingsworthLLP
1350 I Street N.W.
Washington, D.C. 20005
P: (202) 898-5800
F: (202) 682-1639
elasker@hollingsworthllp.com
bclements@hollingsworthllp.com
ssalek@hollingsworthllp.com

## CERTIFICATE OF SERVICE

I certify that on February 19, 2026, a copy of the foregoing was electronically served on all counsel of record.

Respectfully Submitted,

_____
H. SCOTT ALEXANDER

Electronically sent to:

**WILLIAMS HART & BOUNDAS, LLP**
Cesar Tavares
Alma J. Reyes
Alejandro Salicrup
8441 Gulf Frwy, Suite 600
Houston, Texas 77017-5001
(713) 230-2200- Tel.
(713) 643-6226- Fax.
ctavares@whlaw.com
asalicrup@whlaw.com
TavaresLitTeam@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

## SCHEDULE A

## DEFINITIONS

For purposes of the following Requests directed to Sgt. G. Morrison, these definitions shall govern:

10. "You" and "Your" means Sgt. G. Morrison, and includes, without limitation, his present and former agents, attorneys, representatives, and other persons or entities acting or purporting to act on his behalf.

11. "Plaintiff" means Plaintiff Matthew Orrson, who filed a lawsuit in the United States District Court for the Southern District of Texas, Case No. 4:25-cv-1776, alleging that his Sig Sauer, Inc. ("Sig Sauer") P320 pistol inadvertently discharged on March 8, 2024.

12. "Subject Pistol" means the Sig Sauer P320 model pistol that Plaintiff Matthew Orrson alleges discharged and injured him on March 8, 2024.

13. "Incident" means Plaintiff Matthew Orrson's alleged inadvertent discharge event that he alleges occurred on March 8, 2024.

14. "Subject Holster" means the holster being worn, used, or handled by Plaintiff Matthew Orrson at the time of the Incident on March 8, 2024.

15. "Injury" or "Injuries" means all of Plaintiff Matthew Orrson's medical or other conditions or damages that he alleges resulted from the Incident, including but not limited to all physical, emotional, and mental injuries, financial losses, and all other damages he alleges were incurred and for which he is seeking redress in the above-captioned lawsuit.

16. "Concerning" (including the other tense forms) means relating to, referring to, describing, evidencing, or constituting, reflecting, showing, comprising, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part.

17. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including but not limited to correspondence, memoranda, electronic mail and all attachments and enclosures thereto, instant messages or other chat records, phone text messages, social media messaging and posts, recordings in any medium, oral communications, telephone logs, message logs, notes and memoranda Concerning written or oral communications, and any translations thereof.

18. "Document" or "Documents" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(l)(A), including but not limited to all tangible and electronic things and recorded information, including any written, printed, recorded or graphic matter, computer generated or maintained matter, photographic matter, film or videotaped matter, and all

16

written, typed or printed matter and all electronic, magnetic or other records, including both the original and/or non-identical draft(s). Examples of Documents include, but are not limited to, handwritten, typed, or printed papers; letters, cards, memoranda, notes; invoices, purchase orders, financial statements, manuals, receipts; diaries, logs, journals, calendars; electronic mail, discussion board postings, blogs, chat room messages and posts, and social media Communications (e.g., posts or messages sent via Facebook, Facebook Messenger, Instagram, X (f/k/a Twitter), TikTok, LinkedIn, MySpace, Snapchat, Twitter, FourSquare, Pinterest, Gmail, Yahoo, Comcast, Verizon, iChat, Apple FaceTime, AOL Instant Messenger, BlackBerry Messenger, etc.); phone text messages, voicemail recordings, facsimile, notes of telephone conversations; drawings, photographs, audio, tapes, disks, videotape recordings, DVD recordings, CD-ROM, films, and other forms of electronically or magnetically maintained information. A draft or nonidentical copy is a separate document within the meaning of this term.

## **INSTRUCTIONS**

8. Unless an original is specifically requested, in lieu thereof you may produce a true and correct copy in legible condition.

9. Each singular word shall include its plural and each plural word shall include its singular.

10. The connectives "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all responses which might otherwise be construed to be outside their scope.

11. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense. The masculine shall be construed in the generic sense.

12. If objection is made to part of an item or category requested, you are directed to specify the part or category to which objection is made, state all grounds upon which the objection is made, and identify the legal basis of each objection. If any objection to production is based on a claim of privilege, you are directed to comply with the provisions of Rule 34(b)(2) of the Federal Rules of Civil Procedure by providing an appropriate and detailed privilege log.

13. Format of Paper Documents: All paper documents should be scanned and produced in multi-page, Portable Digital Format (.PDF) files on a per document basis, however, document families may be scanned together. Documents shall be produced in the same sequence as contained or found in the original file folder and the production shall include a copy of the file folder itself.

14. You must produce any and all responsive, non-privileged Documents and/or Communications in Your possession, custody, or control. This includes Documents to which You have reasonable access and/or can obtain through sources reasonably available to you.

**DOCUMENTS REQUESTED**

6. All Documents and/or notes, whether in hard copy or electronic, that You made in preparation for this deposition.

7. All Documents and Communications Concerning the Incident that occurred on March 8, 2024 and/ or the transport of Plaintiff Matthew Orrson to the hospital, including but not limited to any incident reports, memoranda, notes, correspondence, body camera footage, video depictions, audio recordings, photographic depictions, phone text messages, voicemails, electronic mail, social media postings and/ or Communications, and recordings in any medium.

8. All Documents and Communications between You and any other individual(s), including but not limited to Plaintiff Matthew Orrson, any personnel at the Harris County Sheriff's Office, or other individuals, Concerning the Incident that occurred on March 8, 2024, including but not limited to any phone text messages, voicemails, electronic mail, social media postings and/ or Communications, electronic mail, and recordings in any medium.

9. All Documents and Communications Concerning the Subject Pistol and/or Subject Holster involved in the Incident, including but not limited to reports, memoranda, notes, inspection, testing or other analysis, correspondence, body camera footage, video depictions, audio recordings, photographic depictions, phone text messages, voicemails, electronic mail, social media postings and/ or Communications, and recordings in any medium.

10. All Documents and Communications Concerning the Injuries that Plaintiff Matthew Orrson alleges he suffered as a result of the Incident, including but not limited to reports, memoranda, notes, correspondence, body camera footage, video depictions, audio recordings, photographic depictions, phone text messages, voicemails, electronic mail, social media postings and/ or Communications, and recordings in any medium.