AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| MATTHEW ORRSON <br> *Plaintiff* <br> v. <br> SIG SAUER, INC. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 4:25-cv-1776 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Harris County Sheriff's Office

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, as attached to this Subpoena.

| Place: Clark Hill PLC <br> 1000 Louisiana Street, Suite 2800 Houston, Texas 77002 | Date and Time: <br> April 9, 2026 at 5:00PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/13/2026

*CLERK OF COURT*

OR

_____              /s/ H. Scott Alexander
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sig Sauer Inc. , who issues or requests this subpoena, are:
H. Scott Alexander and Jason M. Kim of Clark Hill PLC 1000 Louisiana Street, Suite 2800 Houston, Texas 77002 and Brett F. Clements at the Washington, D.C. office of Hollingsworth LLP, located at 1350 I Street NW, Washington, DC

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:25-cv-1776

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*Matthew Orrson v. Sig Sauer, Inc. [Civil Action No. 4:25-cv-1776]*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW ORRSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO.: 4:25-cv-1776 |
| v. | § | |
| | § | |
| SIG SAUER, INC. | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT SIG SAUER INC.'S SECOND NOTICE OF ISSUANCE OF DOCUMENT SUBPOENA

Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, please take notice that Defendant Sig Sauer Inc. will serve the attached subpoena for documents on non-party Harris County Sheriff's Office. The attached subpoena will be served on March 13, 2026, or as soon thereafter as service may be completed.

The documents collected from the subpoena will be used at the trial of this cause and for all other purposes allowable under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated: March 13, 2026.                    Respectfully submitted,

*/s/ H. Scott Alexander*
_____
H. Scott Alexander (attorney-in-charge)
State Bar No. 00793247
S.D. Tex. Bar No. 3324305
Clark Hill PLC
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
Telephone:     409.351.3800
Facsimile:      409.351.3883
hsalexander@clarkhill.com

Exhibit A to Subpoena to Harris County Sheriff's Department

1

*Matthew Orrson v. Sig Sauer, Inc. [Civil Action No. 4:25-cv-1776]*

Of Counsel:

Eric G. Lasker
D.C. Bar No. 430180
S.D. Tex. Bar No. 3622386
Brett F. Clements
N.Y. State Bar No. 5221650
S.D. Tex. Bar No. 3924860
Stephanie L. Salek
D.C. Bar No. 995738
S.D. Tex. Bar No. 3926658
Hollingsworth LLP
1350 I Street N.W.
Washington, D.C. 20005
P: (202) 898-5800
F: (202) 682-1639
elasker@hollingsworthllp.com
bclements@hollingsworthllp.com
ssalek@hollingsworthllp.com

2

Exhibit A to Subpoena to Harris County Sheriff's Department

*Matthew Orrson v. Sig Sauer, Inc. [Civil Action No. 4:25-cv-1776]*

**Exhibit A to Subpoena to Harris County Sheriff's Department**

**DEFINITIONS AND INSTRUCTIONS**

1. "Department," "You," and "Your" means the Harris County Sheriff's Department, and, including without limitation its present or former agents, representatives, attorneys, their officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, persons or entities acting on its behalf.

2. "Sig Sauer" means Defendant Sig Sauer Inc., headquartered in New Hampshire.

3. "Plaintiff" means Matthew Orrson, including without limitation his present or former agents, representatives, attorneys, or persons or entities acting on his behalf.

4. "Subject P320 Pistol" means the Sig Sauer P320 model pistol being used or handled by Plaintiff Matthew Orrson which allegedly discharged on March 8, 2024.

5. "Incident" means Plaintiff Matthew Orrson's alleged inadvertent discharge event that occurred on March 8, 2024 while Plaintiff was removing his Subject P320 pistol from the pocket of his shorts.

6. "Subject Holster" means the holster being used or handled by Plaintiff Matthew Orrson at the time the Incident occurred.

7. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including but not limited to correspondence, memoranda, electronic mail and all attachments and enclosures thereto, instant messages or other chat records, recordings in any medium, oral communications, telephone logs, message logs, notes and memoranda Concerning written or oral communications, and any translations thereof.

8. "Document" or "Documents" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(l)(A), including but not limited to all tangible and electronic things and recorded information, including any written, printed, recorded or graphic matter, computer generated or maintained matter, photographic matter, film or videotaped matter, and all written, typed or printed matter and all electronic, magnetic or other records, including both the original and/or non-identical draft(s). Examples of Documents include, but are not limited to, handwritten, typed, or printed papers; letters, cards, memoranda, notes; invoices, purchase orders, financial statements, manuals, receipts; diaries, logs, journals, calendars; electronic mail, discussion board postings, blogs, chat room messages and posts, and social media communications (*e.g.*, posts or messages sent via Facebook, Facebook Messenger, LinkedIn, MySpace, Snapchat, Twitter, FourSquare, Pinterest, Gmail, Yahoo, Comcast, Verizon, iChat, Apple FaceTime, AOL Instant Messenger, BlackBerry Messenger, etc.); phone text messages, voicemail recordings, facsimile, notes of telephone conversations; drawings, photographs, audio, tapes, disks, videotape recordings, DVD recordings, CD-ROM, films, and other forms of electronically or magnetically maintained information. A draft or nonidentical copy is a separate document within the meaning of this term.

*Matthew Orrson v. Sig Sauer, Inc. [Civil Action No. 4:25-cv-1776]*

9. "Complaint" and "Lawsuit" means the First Amended Complaint filed on or about July 14, 2025, and captioned *Matthew Orrson v. Sig Sauer, Inc.*

10. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

11. "Concerning" (including the other tense forms of the term) means relating to, referring to, describing, evidencing, or constituting.

12. "All," "any," and "each" shall each be construed as encompassing any and all.

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. "Refer(ring)," "relate(ing)," and "regard(ing)" means embodying, pertaining to, concerning, recording, describing, evidencing, constituting, reflecting, showing, comprising, considering, discussing, regarding, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part, or having any logical or factual connection whatsoever with the subject matter in question.

15. The use of the singular form of any word includes the plural and vice versa.

16. In the event that any document is withheld on the basis of a claim of privilege or immunity, that document is to be identified by: (a) the nature of the privilege; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; (e) the author of the document, (f) the addressees of the document, and (g) any other recipients.

17. If the document was but is no longer in your possession or subject to your control: (a) state what happened to it; (b) state the present location of the document and identify its custodian; and (c) state all other information necessary or helpful to enable this defendant to locate the document and to procure its production.

18. Produce all ESI in single-page .TIFF format, with native files, accompanying text files, and appropriate load files.

19. You are requested to produce the documents responsive to these requests to the attention of Brett F. Clements at the Washington, D.C. office of Hollingsworth LLP, located at 1350 I Street NW, Washington, DC 20005, within thirty (30) days after service of this document.

4

Exhibit A to Subpoena to Harris County Sheriff's Department

*Matthew Orrson v. Sig Sauer, Inc. [Civil Action No. 4:25-cv-1776]*

### REQUESTS FOR DOCUMENTS

Please produce copies of any and all documents within your possession, custody, or control that evidence, constitute, pertain, or relate or refer to any of the following:

1. All Documents that You provided to Plaintiff during the course of his employment with You concerning any and all training Plaintiff received with respect to firearms, including the P320 model pistol, relating to the firing, storing, handling and/ or use of firearms in emergent and non-emergent situations;

2. All Documents concerning any training, annual or other qualifications, proficiency certificates, qualification records (setting forth the description, serial number, range score (pass or fail), and date of qualification for each firearm used by Plaintiff for law enforcement purposes), application forms, handgun licenses, rifle authorizations, firearm inspections, violations, notices, remedial training, authorizations, revocations of privileges, and firearm inspections, as discussed in Harris County Sheriff's Office Policy 702.  See 702 – Firearms Control, Qualifications, and Training – Harris County Sheriff's Office, *available at* https://hcsopolicy.com/policy/702-firearms-control-qualifications-and-training/;

3. All Documents relating to any Significant Incident Notifications reported by Plaintiff or relating to any incidents in which Plaintiff was involved as a deputy in the Harris County Sheriff's Office, as discussed in Harris County Sheriff's Office Policy 402.  See 402 – Significant Incident Notifications – Harris County Sheriff's Office, *available at* https://hcsopolicy.com/policy/402-significant-incident-notifications/;

4. All Documents relating to any incidents involving the discharge of a firearm reported by Plaintiff or relating to any incidents in which Plaintiff was involved as a deputy in the Harris County Sheriff's Office, as discussed in Harris County Sheriff's Office Policy 505, and any related Use of Force Report, as discussed in Harris County Sheriff's Office Policy 501.  See 501 – De-escalation & Response to Resistance – Harris County Sheriff's Office, *available at* https://hcsopolicy.com/policy/501-de-escalation-response-to-resistance/; 505 – Use and Discharge of Firearms – Harris County Sheriff's Office, *available at* https://hcsopolicy.com/policy/505-use-and-discharge-of-firearms/;

5. All Documents regarding incidents of unintentional discharges that have occurred among employees of the Harris County Sheriff's Department, including but not limited to incidents involving P320s and any other handguns, during the time period beginning ten (10) years prior to the Incident through the present;

6. All Documents relating to the accidental discharge described in the news report available at https://abc13.com/post/deputy-injured-in-accidental-shooting-at-gun-range/1905416/?userab=kfsn_web_player-447*variant_a_kfsn_control-1860, which

*Matthew Orrson v. Sig Sauer, Inc. [Civil Action No. 4:25-cv-1776]*

    reports that a Harris County deputy was "transported to a hospital after an accidental shooting at a gun range" in 2017;

7. All policies, protocols, and/ or procedures (including but not limited to any safety procedures) relating to use of firearms, that were in effect during the course of Plaintiff's employment with You;

8. All policies, protocols, and/ or procedures (including but not limited to any safety procedures) in effect during the course of Plaintiff's employment with You that relate to firearms that You approved for use while employees are on-duty and/ or while off-duty, including but not limited to any firearms approved for use and/ or carry in addition to employees' official service weapon.

9. All policies, protocols, and/ or procedures (including but not limited to any safety procedures) in effect during the course of Plaintiff's employment with You that relate to any optional devices and/ or equipment that may be added to any firearm approved by You and/ or that may modify any firearm approved by You, to enhance safety, efficacy, or for other purposes, including but not limited to an external manual thumb safety.

10. All Documents that You provided to Plaintiff during the course of his employment with You concerning any firearms, including but not limited to any owner's manuals, safety and/ or instructional manuals, training materials, product packaging, advertisements, warnings, marketing materials, websites, instructions, safety guidelines, sales documents, invoices, receipts, or any information regarding such firearms, generally;

11. All Communications between You and Plaintiff Matthew Orrson concerning the Incident and/ or the above-captioned Lawsuit;

12. All Documents that relate to or refer to the Incident and/ or subject matter of the above-captioned Lawsuit, including any notes and e-mails that You have taken, received, or sent about the Incident and/ or this Lawsuit;

13. All non-privileged Communications between You and any Person concerning the Incident and/ or the above-captioned Lawsuit;

14. All Documents and Communications between You and the attorneys representing Plaintiff in this Lawsuit relating to the subject matter of the above-captioned Lawsuit and/ or Sig Sauer, including but not limited to any discussion about the allegations in the Lawsuit and/ or Plaintiff's use of the Subject Pistol.

15. Documents identifying the full name and last known contact information of former Harris County Sheriff's Office Sergeant G.J. Morrison (serial/badge number S26474), Unit 41S15.

16.